**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
(Public Redacted Version)**

|  |  |
|---|---|
| PENGHANG ZHUANG<br><br>               *Plaintiff,*<br><br>     v.<br><br>THE INDIVIDUALS,<br>CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS AND UNINCORPORATED<br>ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A,"<br><br>               *Defendants.* | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Penghang Zhuang ("Plaintiff") hereby brings the present design patent infringement action against the individuals, corporations, limited liability companies, partnerships and unincorporated associations identified in **Schedule A** attached hereto (collectively, "Defendants"), for patent infringement of Plaintiff's U.S. Patent No. D981,123S (the "Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## INTRODUCTION

1.     This action has been filed by Plaintiff to combat e-commerce store operators who infringe Plaintiff's design patent and interfere with Plaintiff's exclusive rights in that design by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the same or identical unauthorized and unlicensed products, namely the stadium seat, that infringe Plaintiff's patented design

1

(the "Accused Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Accused Products to unknowing consumers. Defendants have shown relationship between each other by [REDACTED], selling "same" Accused Products under 35 U.S.C. § 29 at the same time and in the same retail space (the platform) and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid and mitigate liability by [REDACTED] to conceal both their identities and the full scope and interworking of their operation. Plaintiff has filed this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Accused Products over the Internet. Plaintiff has been and continues to be damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants have purposefully directed infringing commercial activities toward consumers in the

2

United States, including Illinois, through fully interactive e-commerce stores operating under the Seller Aliases identified in Schedule A. Defendants have used those e-commerce stores to advertise, offer for sale, sell, and/or import Accused Products into the United States for subsequent sale or use. Plaintiff has confirmed Defendants' Illinois-directed commercial conduct through test purchases and/or attempted purchases of Accused Products to be shipped to Illinois. Plaintiff's claims arise out of and relate to Defendants' forum-directed infringing activities.

## THE PARTIES

### Plaintiff

4.      Plaintiff is an individual residing in, and a citizen of, the People's Republic of China.

5.      Plaintiff is the owner of U.S. Patent No. D981,123S. A true and correct copy of the design is attached as **Exhibit A**. The 15-year term of Patent begins on March 21 2023.

6.      Plaintiff has expended substantial time, money, and other resources in developing, manufacturing, marketing, and promoting products that embody the design claimed in the Patent.

7.      Plaintiff offers for sale the stadium seat embodying the patented design through directly owned shops or authorized online retailers on e-commerce platforms including Amazon.com.

8.      Plaintiff's stadium seat was among the first of its kind to enter the market and has established a strong reputation for quality, innovation, and customer satisfaction.

3

9. Plaintiff's stadium seat has been well received by customers and has generated favorable reviews and commercial success.

10. Plaintiff has not granted Defendants any right, license, or authorization to practice the Patent, including by making, using, offering to sell, selling, or importing products embodying the patented design.

**Defendants**

11. Defendants are individuals and/or business entities of unknown organizational form that own and/or operate one or more e-commerce stores under the Seller Aliases identified in Schedule A and, upon information and belief, additional seller aliases not presently known to Plaintiff.

12. [REDACTED].

13. While Plaintiff has identified Defendants through publicly available marketplace information, Defendants' precise organizational structures, ownership relationships, and operational interconnections remain unknown. Plaintiff reserves the right to amend this Complaint should additional information regarding Defendants become available.

**<u>DEFENDANTS' UNLAWFUL CONDUCT</u>**

14. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through fully interactive commercial e-commerce stores that offer shipping to customers in the United States, including Illinois.

15. Without authorization or license from Plaintiff, Defendants have made,

4

used, offered for sale, sold, and/or imported into the United States products that infringe the Patent, and continue to do so through their e-commerce stores. On information and belief, each Defendant has sold Accused Products to customers in the United States, including in Illinois.

16. The Accused Products offered through Defendants' e-commerce stores are substantially similar, and in many instances identical, as shown in **Exhibit B-1 through B-10** and **Exhibit C**.

17. Defendants' infringement of the Patent through the making, using, offering for sale, selling, and importing of the Accused Products has caused, and continues to cause, irreparable harm to Plaintiff.

## JOINDER OF PARTIES

18. Joinder is proper under 35 U.S.C. § 299 because the claims against Defendants arise out of the same series of transactions or occurrences relating to the same accused products, and common questions of fact will arise in the action.

19. Joinder is proper under § 299(a)(2) because common questions of fact will arise as to the accused products, the operation of those products, the asserted patent claims, infringement, and related issues of proof.

20. Section 299(a)(1) requires both that the claims relate to the same accused product or process and that they arise out of the same transaction, occurrence, or series of transactions or occurrences. Each requirement is independently satisfied here.

21. "[D]eciding whether a product is the 'same' for purposes of joinder

5

under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *In re Apple Inc.*, 650 F. App'x 771, 774 (Fed.Cir. 2015). Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, the Accused Products look substantially the same as Plaintiff's product.

22. Defendants' accused stadium seats are the same infringing product, or at minimum materially identical in all ornamental aspects relevant to the Asserted Patent. The infringing products share the same overall configuration and visual appearance of a stadium seat, including the mesh pocket, buckle structure, under-seat mounting method, and the placement of the buckle, and relative arrangement of the claimed ornamental features. Any differences among Defendants' products are minor, immaterial, or limited to non-claimed or functional details that do not affect the ordinary-observer analysis, as shown in **Exhibit B-1 through B-10** and **Exhibit C**. Accordingly, the accused products create the same overall visual impression as the design claimed in the Asserted Patent.

23. To determine whether claims against multiple defendants arise from the same transaction or series of transactions, courts look for overlapping operative facts connecting the accused activities. Such facts may include evidence of a relationship among the defendants, common sources of products or components, overlap in development or manufacture, coordinated commercial activity, and other circumstances demonstrating that the alleged infringement is not merely parallel conduct by independent actors. *In re EMC Corp.*, 677 F.3d 1351, 1359–60 (Fed. Cir. 2012).

24. Here, Plaintiff's investigation reveals substantial indicia of coordination

and common operation among Defendants. In particular, a core group of Defendants shares multiple identifying characteristics, including: [REDACTED].

25. [REDACTED]

26. [REDACTED]

27. [REDACTED]

28. [REDACTED]

29. Taken together, these facts demonstrate substantially more than parallel infringement of the same patent. They are providing strong evidence of the type of relationship among defendants, common commercial activity, and shared operative facts contemplated by In re EMC Corp.

30. Although certain remaining Defendants do not share every characteristic identified above, the evidence still suggests shared operative facts. As shown in **Exhibit C**, Defendants D7-D11 offer the same accused products and their product listings employ substantially similar commercial materials and marketing presentations. As shown in **Exhibit D** attached, their [REDACTED], showing operational similarities consistent with participation in the same coordinated series of transactions.

31. Considered together with the evidence described above, the available facts reasonably support the inference that all Defendants are participating in a coordinated series of transactions involving the accused products.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN
## PATENT (35 U.S.C. § 271)

32.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33.     Defendants, without authorization or license from Plaintiff, have made, used, offered for sale, sold, and/or imported into the United States Accused Products that are the same as or substantially the same as the ornamental design claimed in the Patent, including through interactive e-commerce stores that offer Accused Products to customers in the United States, including Illinois.

34.     The Patent claims the ornamental design for a stadium seat having a distinctive overall visual appearance, including a rectangular backrest, a rectangular seat cushion, and a rectangular storage assembly suspended below the front edge of the seat cushion which includes a semi-cylindrical mesh/honeycomb-pattern cup holder and a storage pouch, as shown in Exhibit A. The Accused Products embody the same or substantially the same overall ornamental appearance, as reflected in Exhibit B-1 through Exhibit B-11, and Exhibit C.

35.     On information and belief, each Defendant has offered for sale and/or sold Accused Products to customers in the United States, including in Illinois and continues to do so through active e-commerce listings.

36.     [REDACTED] demonstrates knowledge of Plaintiff's rights and supports a finding that Defendant's infringement has been and continues to be willful.

37.     Defendants have infringed the Design Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct

8

has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

38. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Patent, Plaintiff will be greatly and irreparably harmed.

39. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to an award of enhanced damages up to three times the amount of damages found or assessed by the court pursuant to 35 U.S.C. § 284 based on Defendants' willful and continuing infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. making, using, offering for sale, selling, and/or importing into the United States any products not authorized by Plaintiff and that embody, incorporate, or constitute any reproduction, copy or colorable imitation of the design claimed in the Patented Design;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Accused Products; and

    c.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with actual notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Walmart, Ebay (Collectively, the "Third Party Providers") shall

    a.     disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

    b.     disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and take all steps necessary to prevent links to Defendant Internet Stores identified on **Schedule A** from displaying in search results, including, but not limited to, removing links to Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Patented Design, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interests and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate for infringement of the Patent be increased by three times the amount thereof, as provided by 35 USC § 284;

5)      In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Patented Design, pursuant to 35 U.S.C. § 289;

6)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7)      Award any and all other relief that this Court deems just and proper.


July 27, 2026.                                          Respectfully submitted,


                                                       By: */s/ Peilin Chen*_____
                                                       Peilin Chen
                                                       *Counsel for Plaintiff*

                                                       */s/ Huang Xiaofu*_____
                                                       Huang Xiaofu
                                                       *Counsel for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: July 27, 2026                                   Respectfully submitted,


                                                        */s/ Peilin Chen*_____
                                                       Peilin Chen
                                                       *Counsel for Plaintiff*

                                                       */s/ Huang Xiaofu*_____
                                                       Huang Xiaofu
                                                       *Counsel for Plaintiff*


11